**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DENNIS EUGENE SHAW,

      Plaintiff-Appellant,

v.

CHARLES SIMMONS, Secretary of
Corrections; MICHAEL A. NELSON,
Warden, El Dorado Correctional
Facility,

      Defendants-Appellees.

No. 03-3303
(D. Kansas)
(D.Ct. No. 03-CV-3196-GTV)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Dennis Eugene Shaw, acting pro se,[1] appeals the district court's dismissal of his claim under 42 U.S.C. § 1983 as time barred. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

On April 24, 2003, Shaw, an inmate at the Larned Correctional Mental Health Facility, filed suit alleging he was denied constitutionally adequate medical treatment. His § 1983 claim arises from the prison staff's refusal to provide him with pain medication shortly after he injured his back in November 1996. By way of relief, he seeks compensatory and punitive damages of $1,500,000 from the defendants. Concluding Kansas's two-year statute of limitations for personal injury controls the cause of action, the district court dismissed Shaw's complaint as time-barred. We agree.

It is well established that claims sought under § 1983 are subject to the statute of limitations for personal injury in effect in the state where the alleged violations occurred. *See Garcia v. Wilson*, 731 F.2d 640, 642-43, 651 (10th Cir.), *aff'd,* 471 U.S. 261 (1985). In Kansas, the applicable period of limitation is two years. Kan. Stat. Ann. § 60-513(a)(4).[2] Because Shaw's complaint, filed in April 2003, arose from injuries alleged to have occurred at least six years ago, and because he fails to address this issue in a meaningful way, his claims are time-barred.

---

[1] We construe Shaw's pro se pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] In pertinent part, Kan. Stat. Ann. § 60-513 states: "(a) The following actions shall be brought within two years: . . . (4) An action for injury to the rights of another, not arising on contract, and not herein enumerated."

Accordingly, for the reasons stated above, we **AFFIRM** the decision of the district court.  Finally, we remind Mr. Shaw he remains obligated to make payments as directed by the district court until the entire balance of the filing fee is paid.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge